## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| MAURICE WALKER, *on behalf of himself and all others similarly situated,* 12700 Woodmore North Boulevard Bowie, MD 20720 | : : : : : | |
| | : | Civil Action No. 16-738 |
| Plaintiff, | : | |
| v. | : : | |
| THE PENTAGON FEDERAL CREDIT UNION FOUNDATION, 2930 Eisenhower Ave Alexandria, VA 22314 | : : : : : | |
| Defendant. | : : | |
| _____: | | |

## COMPLAINT

COMES NOW the Plaintiff, *on behalf of himself and all others similarly situated*, by counsel, and for his Complaint against the Defendant, he alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). The FCRA imposes several important procedural requirements on employers that use background checks (*i.e.*, consumer reports) that are designed to protect consumers like the Plaintiff.

2.      In this instance, Defendant obtained Plaintiff's consumer report during the course of his application for employment, and then Defendant rejected Plaintiff's application based on the contents of the consumer report and without complying with the procedural protections imposed by §§ 1681b(2)(B)(i) and 1681b(3)(i).

## JURISDICTION

3.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

4.      Venue is proper in this Court pursuant to Local Rule 501(4)(b)(iii) as Plaintiff is a resident of Prince George County.

## PARTIES

5.      Plaintiff Maurice Walker ("Mr. Walker") is a natural person who resides in Bowie, Maryland. Mr. Walker is a consumer as defined by § 1681a(c).

6.      Defendant The Pentagon Federal Credit Union Foundation ("Pentagon" or "Defendant") is a Virginia Corporation doing business in Maryland.

## FACTS

### Plaintiff Applies for Employment with Pentagon

7.      On January 27, 2016, Plaintiff applied for a lead software developer position with Pentagon.

8.      As part of this process, Plaintiff completed a standard form document entitled "Employment Application."

9.      One page of the Employment Application is entitled "Authorization to Obtain Consumer Report."

10.      Pentagon's authorization failed to comply with the plain language of § 1681b(2)(B)(i) of the FCRA, which provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—(i) clear and conspicuous disclosure has been made in writing … *in a document that consists solely of the disclosure*[.]" 15 U.S.C. § 1681b(2)(B)(i).

11.     Contrary to the plain language of § 1681b(2)(B)(i), Pentagon added additional language to the disclosure, including a purported waiver stating "I hereby release PenFed as the requestor and user of such records, the organizations which originated them, or any individual related to such organizations, both individually and collectively, from any liability or legal responsibility that may arise from this Authorization to Obtain Consumer report."

12.     Pentagon's inclusion of the additional language violated § 1681b(2)(B)(i) of the FCRA as explained in this Court's decision in *Singleton v. Domino's Pizza*, 2012 WL 245965 (D. Md. Jan. 25, 2012) ("both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document."); *see also Reardon v. ClosetMaid Corp.*, 2013 WL 6231606, at *9 (W.D. Pa. Dec. 2, 2013) ("Even if the Court were to accept [defendant's] characterization of the waiver of rights provision as being narrowly tailored to [defendant's] procurement of the applicant's authorization for the consumer report, and not a "great distraction", the release verbiage still is not an "authorization," which is the only other provision the FCRA allows in a valid disclosure form"); *Milbourne v. JRK Residential Am., LLC*, 92 F. Supp. 3d 425, 433 (E.D. Va. 2015).

13.     Upon information and belief, Pentagon used the same template authorization form for each applicant.

### *Pentagon Revokes Plaintiff's Employment Offer*

14.     On or around January 29, 2016, Pentagon offered Plaintiff an employment position subject to a criminal background check.

15.     Immediately after receiving the inaccurate background report, Pentagon took adverse action against Plaintiff by revoking his employment offer based on the inaccurate or incomplete information in his criminal background report.

16.     Despite revoking the offer, Pentagon never provided Plaintiff a copy of the background report in violation of § 1681b(b)(3)(i). In fact, Pentagon refused to provide Plaintiff a copy when he requested to review the background report.

17.     Upon information and belief, as a matter of company policy, Pentagon regularly and consistently fails to provide copies of the consumer reports to job applicants prior to taking any adverse action as required by § 1681b(b)(3)(i) of the FCRA.

### *Facts Regarding Pentagon's Willfulness*

18.     The Supreme Court has held that "willfulness" under the FCRA covers both knowing and reckless violations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59-60 (2007).

19.     To that end, the Supreme Court defined reckless under the FCRA "as conduct of an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should have been known." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007).

20.     The Supreme Court identified three factors to determine recklessness, including: (1) whether the statutory language gives "clear guidance," (2) whether defendant's interpretation had "a foundation in the statutory text," and (3) whether the defendant interpreted the statute in the absence of any contrary authority because "no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC." *Id.* at 69-70; *see also Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 252 (3d Cir. 2012).

21.     Pentagon ran a risk of harm that was either known or so obvious it should have been known.

22.     Pentagon's conduct ignored the "clear guidance" of the statutory text of each provision at issue in this case. *See* 15 U.S.C. § 1681b(2)(B)(i) ("a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect

to any consumer, unless—(i) clear and conspicuous disclosure has been made in writing … ***in a***

***document that consists solely of the disclosure***[.]”); 15 U.S.C. § 1681b(3)(A) (“[B]efore taking

any adverse action based in whole or in part on the report, the person intending to take such adverse

action shall provide to the consumer to whom the report relates—(i) a copy of the report[.]”).

23.     Moreover, Pentagon's inclusion of the waiver in the authorization ignored clear

guidance from the Federal Trade Commission on the requirements of § 1681b(2)(B)(i). *See, e.g.*,

Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an

FTC Staff Report with Summary of Interpretations, July 2011, at 51 (“[H]owever, the notice may

not include extraneous or contradictory information, such as a request for a consumer's waiver of

his or her rights under the FCRA.”); Letter from William Haynes, Attorney, Div. of Credit

Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998),

1998 WL 34323756 (F.T.C.), 1 (“While we believe that you may combine the disclosure and

authorization ..., we note that your draft disclosure includes a waiver by the consumer of his or her

rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate [§

1681b(2)(B)(i)] of the FCRA, which requires that a disclosure consist “solely” of the disclosure

that a consumer report may be obtained for employment purposes.”).

24.     Likewise, although the text of § 1681b(3)(A) could not be more clear, the FTC has

instructed that “[b]efore taking any adverse action based on a consumer report, employers must

provide the consumer with a copy of the report and a written summary of consumer rights under

the FCRA.” Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting

Act, an FTC Staff Report with Summary of Interpretations, July 2011, at 52.

25.     Therefore, Pentagon knew or should have known that its policies violated the FCRA. These obligations were well established in the plain language of the FCRA, as well as the promulgations of the FTC.

26.     Nevertheless, Pentagon either knowingly disregarded the FCRA or adopted an objectively unreasonable interpretation of § 1681b(b). In doing so, Pentagon willfully violated the FCRA.

27.     As a result of Defendant's conduct, the consumer class members such as Plaintiff have suffered concrete injuries, including informational injuries related to an increased risk of dissemination of inaccurate information regarding Plaintiff and the class members. Defendant has also concealed the identity of the consumer reporting agency who furnished the information regarding Plaintiff and the class members, resulting in consequential anxiety and emotional distress. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

<u>COUNT ONE:</u>
**VIOLATION OF 15 U.S.C. § 1681b(b)(2)**
**CLASS CLAIM**

28.     Plaintiff incorporates the previous allegations above as if set forth herein in full.

29.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follow:

> All employees, prospective employees or other persons who were provided with Pentagon's authorization form to obtain a consumer report within the time period prescribed by the FCRA, § 1681p.

30.     **Numerosity. Fed. R. Civ. P 23(a)(1)**. Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained

by Pentagon and the class members may be notified of the pendency of this action by published and/or mailed notice.

31.     **Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) whether Pentagon's authorization form violated § 1681b(b)(2) of the FCRA; (b.) whether Pentagon's violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and the putative class members; and (c.) what is the appropriate amount of statutory and punitive damages for each violation.

32.     **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each putative class member. Plaintiff, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. § 1681b(b)(2). This claim challenges Pentagon's uniform procedures of including a waiver in its authorization form. Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

33.     **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

34.     **Superiority. Fed. R. Civ. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action

is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Pentagon's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

35.     Pentagon's inclusion of the waiver language in its authorization form violated § 1681b(2)(B)(i) of the FCRA.

36.     These ongoing intrusions were either intentional, or Pentagon cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Pentagon liable pursuant to 15 U.S.C. § 1681n.

37.     Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Pentagon in an amount to be determined by the Court pursuant to 15 U.S.C.  § 1681n and § 1681o.

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. § 1681b(b)(3)**
**CLASS CLAIM**

38.     Plaintiff incorporates the previous allegations above as if set forth herein in full.

39.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a class initially defined as follow:

> All employees, prospective employees or other persons who were the subject of a consumer report which was used by Defendant to make an adverse employment decision regarding such employee, prospective employee or person for whom Defendant did not provide a copy of their consumer report.

40.     **Numerosity. Fed. R. Civ. P 23(a)(1)**. Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Pentagon and the class members may be notified of the pendency of this action by published and/or mailed notice.

41.     **Predominance of Common Questions of Law and Fact**. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are: (a.) whether Pentagon failed to provide class members' with their consumer reports prior to taking an adverse action against the employee or prospective employee; (b.) whether Pentagon's violation was negligent, reckless, knowing, or intentionally committed in conscious disregard of the rights of the Plaintiff and the putative class members; and (c.) what is the appropriate amount of statutory and punitive damages for each violation.

42.     **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff's claims are typical of the claims of each putative class member. Plaintiff, as well as every punitive class member, allege violations of the same FCRA provisions, 15 U.S.C. § 1681b(b)(3). This claim challenges Pentagon's uniform procedures of failing to provide consumers with a copy of their reports and summary of rights.

Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

43.      **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

44.      **Superiority. Fed. R. Civ. P. 23(b)(3)**. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. Additionally, none of the class members would have known of the facts underlying the violation or of the legal basis for this action absent this lawsuit.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Pentagon's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

45.      Prior to taking any adverse action, Pentagon regularly and consistently failed to provide job applicants with a copy of their consumer report as required by § 1681b(b)(3) of the FCRA.

46.     These ongoing intrusions were either intentional, or Pentagon cared so little about the duties owed under the FCRA that its conduct was carried out with reckless disregard, which gives rise to a willful violation, rendering Pentagon liable pursuant to 15 U.S.C. § 1681n.

47.     Plaintiff and the putative class members are entitled to recovery statutory damages, punitive damages, costs, and attorneys' fees from Pentagon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, the Plaintiff moves for class certification and for judgment against the Defendant, individually as alleged for actual and/or statutory damages and punitive damages, as a class as alleged for statutory and punitive damages; and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**MAURICE WALKER**

By:___*/s/ Kristi C. Kelly*_____
                    Counsel

Kristi Cahoon Kelly, Esq. (No. 07244)
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, Virginia 22030
(703) 424-7576 Telephone
(703) 591-0167 - Facsimile
E-mail:  kkelly@kellyandcrandall.com

*Counsel for Plaintiff*